Argued November 8; petition denied December 10, 1935

## BILLETER *v.* VAN WINKLE

(51 P. (2d) 1041)

*Andrew Koerner*, of Portland (Dey, Hampson & Nelson and Richard R. Morris, all of Portland, on the brief), for appellant.

*I. H. Van Winkle*, Attorney General, for respondents Attorney General and Earl Snell, Secretary of State.

*H. S. McCutchan*, of Portland (McCutchan & McCutchan, of Portland, on the brief), for Independent Gasoline Retailers.

BELT, J. This is an appeal from a ballot title prepared by the attorney general of the state of Oregon

for an initiative bill proposed by the respondent Independent Gasoline Retailers. The title of the proposed bill is as follows:

## "A BILL

For an act to prohibit monopolies and to regulate the sale of motor fuel, and providing for suits in equity to prevent and restrain violations thereof and to provide a penalty and relief for the breach thereof."

Section 1 of the bill is devoted to definitions of various of its terms.

Section 2 declares it to be unlawful and against public policy to "enter into or assent to the making of any agreement, pool or combination," the purpose of which is:

"A. To prevent or interfere with the free and unrestricted competition in the manufacture, transportation, production or sale of motor fuel within the State of Oregon.

"B. To fix or establish a standard price or figure for the purchase or sale of motor fuel intended for sale, barter, use or consumption within the State of Oregon, whereby the price of the same to the public shall be in any way increased or controlled.

"C. To bind themselves not to sell, dispose of or transport within the State of Oregon any motor fuel for public trade, use or consumption below a common standard figure or fixed price, or to keep the price of said commodity at a fixed or graduate figure, or in any manner to establish or settle the price of such commodity within the State of Oregon between or among themselves and others, so as either directly or indirectly to preclude or interfere with the free and unrestricted competition among themselves in the sale of any such motor fuel within the State of Oregon, or to unite their interests in the sale of any such commodity so that its price within said state of Oregon may be in any manner affected."

Sections 3 and 4 are as follows:

"Section 3. It is hereby declared to be against the public policy and as tending to create a monopoly, and it shall be unlawful within the State of Oregon for the same person, firm, copartnership or corporation to sell or distribute motor fuel at both wholesale and retail in the State of Oregon.

"Section 4. It shall be unlawful for any person, firm or corporation to engage in business for the sale of motor fuel within the State of Oregon, for the purposes of making sales both at wholesale and at retail as hereinbefore defined."

Section 5 states that it shall be unlawful for any

"person, firm or corporation engaged in the selling of motor fuel within the State of Oregon at wholesale to engage in the business of the sale of such commodity at retail within the State of Oregon."

Section 6 makes it unlawful for one selling motor fuel within the state at wholesale to own or control any stock or other share in the capital of a corporation or association engaged in selling motor fuel at retail within the state.

Sections 7 to 12 inclusive declare the effect of the act and provide penalties for violation. Section 13 repeals all laws in conflict therewith.

The short ballot title prepared by the Attorney General is:

"BILL REGULATING SALE AND DEALING IN MOTOR FUEL."

The general ballot title is as follows:

"Purpose: Forbidding agreements or combinations (1) to prevent or interfere with free, unrestricted competition in manufacture, transportation, sale of motor fuel, or (2) to fix standard price for purchase or sale of motor fuel, thereby increasing or controlling the public price, or (3) to prevent sell-

ing, transporting motor fuel for public trade below common standard or fixed price, or to keep price fixed or graduated, or establish or settle price among dealers, thereby interfering with free competition; forbidding dealer both wholesaling and retailing, or wholesaler owning or controlling stock or share in organization retailing motor fuel; providing civil and criminal remedies and penalties.''

The voting machine ballot title reads:

"BILL REGULATING SALE AND DEALING IN MOTOR FUEL.

Purpose: To prohibit agreements or combinations for price fixing or interference with free and unrestricted competition in the manufacture, transportation and sale of motor fuel.''

Explanatory words to accompany such title on the ballot:

"Yes. I vote for the proposed law.
"No. I vote against the proposed law.''

Plaintiff proposes for "true, complete and impartial" ballot titles the following:

Short Title

"BILL PROHIBITING MOTOR FUEL WHOLESALER FROM RETAILING: REGULATING ITS SALE.''

General Title

"Purpose: Prohibiting a wholesaler of motor fuel in the State of Oregon from selling or distributing it at retail or engaging in the business of both wholesaling and retailing; prohibiting a wholesaler of motor fuel from owning or controlling stock or share capital in retail organization; declaring unlawful agreements (1) interfering with free competition in manufacturing, selling or distributing motor fuel, (2) establishing prices for its sale to the public, (3) binding parties not to sell below a fixed figure, (4) cooperating in the sale of motor

fuel so as to affect its prices; providing civil remedies and criminal penalties.''

Voting Machine Title

''BILL PROHIBITING MOTOR FUEL WHOLE-SALER FROM RETAILING: REGULATING ITS SALE.

Purpose: Prohibiting motor fuel wholesaler from engaging in business as retail seller or distributor; prohibiting agreements, fixing prices interfering with competition in motor fuel business.''

Explanatory words to accompany such title on the ballot:

''Yes. I vote for the proposed law.
''No.   I vote against the proposed law.''

Petitioners complain that the ballot title as prepared by the attorney general is ''insufficient, misleading, unfair, argumentative, prejudicial and deceptive''. This complaint is based upon the theory that the attorney general has unduly stressed those features prohibiting contracts or agreements which interfere with free competition and those making price fixing illegal. It is their contention that the principal purpose of the bill is to prevent wholesalers from engaging in the retail sale of motor fuels and that the ballot title is defective in that these provisions are minimized and subordinated to those mentioned above. They argue that the ballot title should be rearranged and rewritten to stress the portions thus indicated.

An examination of the bill itself and a comparison with the ballot title offered by the attorney general clearly shows the method used in the arrangement of the ballot title. Each section of the act was taken in proper sequence, analyzed, condensed and, in the order presented, embodied in the ballot title. The bill itself was followed without argument or prejudice. The

title of the act taken together with its context convinces the court that the predominating purpose of the bill is to promote free competition and prevent price fixing in the sale of motor fuels.

The voting machine title is, at present, little more than a formality required by law. Hence a further discussion of the same is unnecessary.

The petition of the appellant is denied and the ballot titles as prepared by the attorney general are hereby certified to the secretary of state.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.